IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
WACHOVIA BANK, NATIONAL     )
ASSOCIATION,                )
                            )
     Plaintiff,             )
                            )     CIVIL ACTION NO.
     v.                     )       3:08cv954-MHT
                            )          (WO)
THE PRESERVE, LLC; et al.,  )
                            )
     Defendants.            )
```

OPINION AND ORDER

This matter is before the court on the defendants' motion for extension of time to respond to the plaintiff's motion for summary judgment. The motion will be granted subject to sanctions.

I.

This case revolves around two loans granted by the plaintiff to the defendants for approximately four million dollars. The plaintiff claims that the defendants defaulted on these loans and is suing for repayment.

The plaintiff filed a motion for summary judgment on September 11, 2009, and, pursuant to the Rule 26(f) report, the defendants have 20 days to respond. The defendants filed their extension motion on September 15. The discovery deadline in this case is set for November 2, and the final pre-trial conference is scheduled for December 11. The defendants ask the court to allow them until October 19 to file their response to the plaintiff's summary-judgment motion in order to allow time for additional depositions. (The defendants actually asked until October 17 but, because that day is a Saturday, the court reads their request to be until October 19, the following Monday.)

The defendants contend that in order to respond properly to the plaintiff's summary-judgment motion, they must depose several of the plaintiff's employees and a corporate representative. The plaintiff cannot produce these individuals for depositions until October 7. If granted time to complete the depositions, the defendants

then request an additional ten days to prepare their response to plaintiff's summary-judgment motion.

The defendants knew, well prior to plaintiff's filing of its dispositive motion, that the individuals they wished to depose would not be made available until October 7.

## II.

Rule 56(f) of the Fed. R. Civ. P. provides,

> "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

While it is undisputed that defendants may not depose the witnesses with whom they wish to speak until October 7, there is clear evidence that defendants acted in bad faith in asking this court for a continuance.

In an email dated September 10 at 6:00 p.m., the evening before plaintiff's summary-judgment filing was due to the court, counsel for plaintiff wrote to counsel for one of the defendants, The Preserve, that,

> "You now have a problem with this deadline, six months after the date the deadline was set, and thus we are trying to accommodate you by moving it from September 11 to October 15. However, other than trying to accommodate this request, we are not amenable to extending any other deadlines further in this matter . . . We suggested simply moving the dispositive motion deadline to October 15, as this would move the response deadline would be [sic] November 4, 2009 which is after the original discovery cutoff of November 2."

Defense counsel responded at 8:28 p.m. that, "We look forward to receiving any dispositive motion Wachovia believes is appropriate to file pursuant to the applicable deadlines. Based on." At 8:34 p.m., defense counsel sent another email stating that, "My last e-mail went out incomplete. We assume the dispositive motion(s) will be filed tomorrow. Accordingly there are no

disputes at this time concering [sic] the scheduling order."

The defendants filed their extension motion five days after the above email exchange. Defense counsel's email to plaintiff's counsel clearly induced the filing of plaintiff's summary judgment motion on September 11 rather than later; this is especially troubling considering that defendants declined the exact relief, an extension of the dispositive-motion deadline offered by the plaintiff, five days prior to the filing of the extension motion. In fact, by pushing the dispositive-motion deadline to October 15, as the plaintiff suggested on September 10, the defendants would have had until November 4 instead of October 19, as they now request, to file their response. The only thing that changed during the five days between the plaintiff's offer to continue and the defendants' request for an extension is the plaintiff's filing of its motion for summary judgment on September 11. Notably, defendants may now use this

5

filing to prepare for the October 7-9 depositions, which they could not have done had the plaintiff delayed the filing of its summary-judgment motion.  For this reason defendants are at fault and should be sanctioned should they choose to file their response after the original summary-judgment deadline.

While denying the defendants a continuance is warranted, as they acted in bad faith, lowering the sword in that manner seems Draconian and would frustrate the parties' pursuit of the truth in this litigation. Furthermore, there is nothing in the record to indicate that the plaintiff would be harmed by providing the defendants with more time, should they choose to take it.

* * *

Accordingly, it is ORDERED as follows:

(1) Defendants' motion for extension of time to respond to plaintiff's motion for summary judgment (doc. no. 93) is conditionally granted.

(2) Defendants may file their response to plaintiff's motion for summary judgment (doc. no. 90) by September 31, 2009, with no sanction, or they may file their response on October 19, 2009, as requested, with the following sanction: they may recover only 50% of court costs should they prevail in this suit. The summary-judgment motion will be considered under submission upon the filing of defendants' response.

(3) The discovery deadline, now set at November 2, 2009, shall remain unchanged.

DONE, this the 25th day of September, 2009.

                                       /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE